**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **EVELYN LESAICHERRE** | * | **CIVIL ACTION NO.** |
| *Plaintiff,* | * | |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| | * | |
| **ZUPPARDO'S ECONOMICAL** | | |
| **SUPERMARKETS, LLC, AND** | * | |
| **ROBERT CANEDO** | * | |
| | * | **MAG.         DIV.** |
| | * | |
| | * | **JURY TRIAL REQUESTED** |
| *Defendant* | * | |

**************************************************

**AMENDED COMPLAINT FOR DAMAGES FOR SEXUAL HARASSMENT**
**AND DEMAND FOR TRIAL BY JURY**

AND NOW comes EVELYN LESAICHERRE (hereinafter referred to as "Plaintiff") ,
appearing herein through undersigned counsel, respectfully states as follows:

**PRELIMINARY STATEMENT**

This action is based on employment discrimination and seeks declaratory, injunctive and
equitable relief, back pay, reinstatement (or in lieu thereof, front pay), compensatory damages,
punitive damages, attorney's fees, prejudgment interest, and costs for discrimination, harassment,
and hostile work environment based on sex and retaliation.

## JURISDICTION AND VENUE

1.      This is an individual action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") and Louisiana law, La. R.S. 23:301 *et seq*. 2. Damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000e (5)(f) and (5)(g) and La. R.S. 23:301 *et seq*.

3.      Plaintiff has complied fully with all prerequisites and the jurisdiction of this court under Title VII including all administrative procedures through the EEOC and received a right-to sue letter.

4.      The unlawful employment practice all occurred within the district of the Eastern District of Louisiana, therefore venue is proper within this district, in accordance with Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e (f)(3) and state law.

5.      Jurisdiction of the court is invoked pursuant to 28 U.S.C. §1331 and 1367(a).

## PARTIES

6.      **Plaintiff, Evelyn E. LeSaicherre** ("Plaintiff" or "Ms. LeSaicherre"), a person of the full age of majority, a female hired on June 14, 2017 by defendant, and a resident of the State of Louisiana, filed a sexual harassment charge against defendant, Zuppardo's Economical Supermarket, who has allowed a pervasive and severe sexually hostile environment as a condition of employment.

6.      **Defendant,** Zuppardo's Economical Supermarket, LLC, ("Zuppardo's), a domestic corporation licensed to do business and doing business in Metairie, Louisiana.

7.   **Defendant,** Robert Canedo, ("Canedo") a former Jefferson Parish Sheriff Officer who worked as security at Zuppardo's Economical Supermarket, LLC.

## ALLEGATIONS  COMMON TO ALL CAUSES OF ACTION

8.   On June 14, 2017, Ms. LeSaicherre was hired to work as a cashier for Zuppardo's Economical Supermarkets.  During the entire length of her employment, she was exposed to sexually harassing behavior.

9.   For example, a 21 year old worker who was a relative of the Zuppardo family would consistently make advances towards her.  The behavior started sometime during November 2017 until she was forced to resign.  This 21 year old, identified as Johnny Zuppardo, would get close in proximity to the plaintiff while she was working and utter comments such as "When are you going to let me drop it in you?"  Plaintiff continually rejected his advances to no avail.

10.   "Ronnie", a manager of Zuppardo Economical Supermarkets, LLC, would continuously leer at women customers and cashiers in the presence of Ms. LeSaicherre.  For example, if an attractive woman would check out at Ms. LeSaicherre's aisle, Ronnie would immediately get up and come to the register so that he could leer at the customer.  These actions made Ms. LeSaicherre feel uncomfortable and affected her work performance.

11.   Ronnie would also get close to Plaintiff, invading her personal space.  For example, when making corrections at her cash register, Ronnie would get close to Plaintiff and lean towards Ms. LeSaicherre's body.  When speaking to her from behind, he would get as close to her as possible so that the back of her body and buttocks would touch the front of his body and his penis.

3

12.     Ms. LeSaicherre would witness Mr. Joseph Zuppardo, Mr. Peter Zuppardo, and "Joey" make sexual comments about new cashiers that were hired.  On one occasion, they discussed the hiring of a cashier of Latin descent and Ms. LeSaicherre overheard Mr. Peter Zuppardo state "Boy, does she have a nice ass" in the workplace near her register.  These comments, actions, and the general treatment of women as sexual objects at this supermarket rendered Zuppardo's a hostile work environment for Ms. LeSaicherre.

13.     On October 18, 2017, Robert Canedo, a Jefferson Sheriff's Officer who was working as security at the supermarket overtly and deliberately grabbed Ms. LeSaicherre's breast while she was working.  Ms. LeSaicherre reported this activity to manager, Jennifer Zuppardo.  Jennifer Zuppardo did nothing to protect her from further advances by Robert Canedo. Jennifer Zuppardo did not kick the security guard out. Jennifer Zuppardo did not make the security guard serve the remainder of his shift in his own car. Jennifer Zuppardo did nothing to keep Ms. LeSaicherre safe.

14.     Anytime that Ms. LeSaicherre made any complaint about the sexual objectification of women or the sexual remarks towards customers she was disregarded and retaliated against by the Zuppardo family. Ms. LeSaicherre was disciplined for nonexistent infractions due to the fact that she had reported complaints against the manager Ronnie.

13.     Zuppardo's provided no procedure, complaint phone number, or training on discrimination of any kind at the workplace. Ms. LeSaicherre was forced to work in silence for fear of retribution if she made any further complaints because she needed her job.  Ultimately, the environment was so pervasive and there was no one she could complain to that would do

4

something without resulting in retaliation against her, that Ms. LeSaicherre was forced to resign from her position as cashier and terminated employment on January 3, 2018.

14.     Throughout her employment, Ms. LeSaicherre distinguished herself as a good employee and a religious individual, and now due to the Defendant, as she is unemployed, under mental health medical treatments, and has been humiliated and violated causing the need for medical treatment and counseling.

## FIRST CAUSE OF ACTION
## RETALIATION DUE TO SEXUAL HARASSMENT, IN VIOLATION OF TITLE VII

15.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 14 of this Complaint with the same force and effect as if set herein.

16.     Defendant has retaliated against Plaintiff and has denied her opportunities for employment advancement on the basis of her having complained of the sexual harassment and sexual battery and assault by vendors, which is in violation of Title VII. Defendant would levy small infractions for the times she had to leave the register due to an unsafe environment which forced her to resign.

17.     Plaintiff is currently under the care of a social worker and has ongoing post-traumatic stress syndrome and is taking prescription antidepressants due to this incident sued upon.

18.     In 1980, the EEOC issued guidelines stating, "sexual harassment is a form of sex discrimination that is prohibited by Title VII." The EEOC guidelines explain in detail that sexual harassment could take the form of a hostile "environment" where the sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment [29 C.F.R. §1604.11 (a) and *Meritor Sav. Bank, FSB v. Vinson (1986)* 477 U.S. 57, 65, 106 S.Ct. 2399, 2404--2406].  It is

important to note that in the United States Supreme Court decision in *Meritor*, the Court held that sexual harassment creating an intimidating or hostile working environment, but not resulting in any tangible loss of job, position, or benefit, still violates Title VII. Thus, Plaintiff suit is based on a hostile work environment even though she forcibly resigned.

## SECOND CAUSE OF ACTION
## UNLAWFUL FEDERAL AND STATE
## DISCRIMINATORY EMPLOYMENT PRACTICES

19.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 14 of this Complaint with the same force and effect as if set herein.

20.     The above acts and practices of the Defendant constitute unlawful discriminatory employment practices within the meaning of Federal law and Louisiana Employment Discrimination Law, La. R.S. 23:301 et al. Plaintiff requests supplemental jurisdiction be applied for the state law claim of employment discrimination.

21.     As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief

## THIRD CAUSE OF ACTION
## LACK OF POLICY FOR SEXUAL HARASSMENT,
## DISCRIMINATION AND RETALIATION

22.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 14 of this Complaint with the same force and effect as if set herein.

23.     Defendants failed to have a viable policy and procedures in place for sexual harassment, sexual discrimination and retaliation. There is virtually no training given to cashiers or managers to address discrimination, harassment, and retaliation.

24.     No actual sex harassment policy was actually implemented in action and any policy Defendant contends existed was a "paper policy" only.There was insufficient staffing of security and managers to meaningfully implement any policy in violation of Title VII. Therefore punitive damages are appropriate.

25.     As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for Defendant not having a viable policy and procedures in place for sexually hostile work environment and for deliberately failing to train staff or management in the application of Title 7.

26.     Plaintiff has suffered and will continue to suffer unless and until this Court grants relief for punitive damages, including reasonable attorneys' fees and costs. *Farragher* is not available as a defense as the policy did nothing to prevent the hostile work environment because there was no training at all. Defendants created an unsafe environment with unsupervised employees and vendors, making any enforcement of its paper policy impossible. This type of behavior is premeditated and unjustifiable. A substantial punitive and compensatory damage award should be awarded to Plaintiff.

## FOURTH CAUSE OF ACTION
## COMPENSATORY AND PUNITIVE DAMAGES ARE ALLOWED

27.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 14 of this Complaint with the same force and effect as if set herein.

28.     Although Defendant had more than 15 employees, and therefore Title VII caps on compensatory and punitive damages take an effect, but Title VII also allows for recovery of uncapped compensatory damages for state causes of action under La. C.C. 2315, La. C.C. 2320 and for state charges of sexual harassment. Pendant state law discrimination claims in this federal court complaint allows larger amounts of awards than and Title VII cap that would be present.

29.     Under Title VII, the total that can be awarded for compensatory and punitive damages may not exceed $50,000 in cases of employers of 15-100 employees. Under 42 U.S.C. §1981 a. Damages in Cases of Intentional Discrimination in Employment (b)(3)(A), it should be noted, that back pay and front pay are not treated as compensatory damages, thus are **not** subject to these damage caps. *Pollard v. E. 1. Du Pont de Nemours & Co.,* 532 U.S. 843, 848, 121 S.Ct. 1946, 1949; *Johnson v. Spencer Press of Maine, Inc.* (1st. Cir. 2004) 364 F.3d 368, 378. Note there is no cap under state sexual harassment under La. R.S. 23:301 and for state causes of assault and battery for her  multiple sexual batteries nor under La. C.C. 2315 and La. C.C. 2322.

30.     Plaintiff's damages clearly exceed $50,000 for compensatory and punitive damages. She has sustained humiliation, pain and suffering, and mental anguish. She is diagnosed with post-traumatic stress syndrome, major depression and anxiety.

## PLAINTIFF'S DAMAGE ASSESSMENTS

31.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 29 of this Complaint with the same force and effect as if set herein.

32.    The proximate cause--in--fact of Plaintiff's injuries and suffering such damages, was the negligent and intentional conduct of the Defendant, listed above, which are all in violation of Title VII and in violation of La. R.S. 23:301, including:

    1)    Sexual Discrimination;

    2)    Sexual Harassment;

    3)    Maintaining a hostile work environment for women;

    4)    Adverse Employment action;

    5)    Sexual assault

    6)    Sexual battery

    7)    Battery

    8)    Assault

    9)    Failure of Defendant to monitor, investigate and to implement a training of its sexual harassment policy for its employees.

    10)    Any and all other negligent and intentional acts that may be used at the trial of this matter.

33.    As a result of Defendant's discriminatory acts, Plaintiff has suffered a loss of income and unemployment benefits, employment benefits, emotional distress, pain and humiliation, embarrassment, ridicule, damage to her employment record, past and future mental anguish, and damages due being made to work in a hostile work environment subjecting Plaintiff to the extreme and outrageous conduct of customers

**RELIEF FOR DAMAGES**

34.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1

through 46 of this Complaint with the same force and effect as if set herein.

35.     Plaintiff itemizes her damages as follows:

      1)     Past lost wages;

      2)     Future lost wages;

      3)     Past loss of employment benefits;

      4)     Past and future emotional distress;

      5)     Past and future humiliation;

      6)     Past and future embarrassment and ridicule;

      7)     Past and future mental anguish;

      8)     Sexual assault

      9)     Sexual battery

      10)     Assault

      11)     Battery

      12)     Wrongful and retaliatory termination; and

      13)     Punitive damages, including reasonable attorneys' fees and costs.

      Pursuant to requirements of La. R.S. 23:303(c) plaintiff provided written notice to

defendants through EEOC charges filed in an attempt to amicably settle this matter to no

avail. Plaintiff prays for trial by jury and states her damages are reasonable on the premises, and which said damages exceeds the amount required for trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a)  Declaring that the acts and practices complained of herein are in violation of  Title VII;

b)  Declaring that the acts and practices complained of herein are in violation of La. R.S. 23:301 *et seq.*, the Louisiana Employment Discrimination law and Louisiana law on sexual battery;

c)  Enjoining and permanently restraining these violations of Title VII, and requiring Defendants implement a viable sexual harassment policy and training for employees and supervisors to end sexual harassment which endangers female employee's safety and care;

d)  Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

e)  Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but the defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension, and lost benefits;

f)  Awarding Plaintiff compensatory and punitive damages;

g)  Awarding Plaintiff costs of this action together with reasonable attorneys' fees as provided by §706(k) of Title VII, 42 U.S.C. §2000e--6(k);

h)  Declaring that the acts and practices complained of herein are in violation of La. R.S. 23: 301;

i) Directing Defendant to pay plaintiff compensatory damages and damages for her mental anguish and humiliation; and

j)      Granting such other and on further relief as this Court deems necessary and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully Submitted:

VASQUEZ LAW OFFICE

  /s/Jessica Vasquez
Jessica Vasquez (#27124) TA
400 Poydras Street, Ste. 900
New Orleans, LA 70130
T: 504/571.9582
F: 504/684.1449
jvasquez@vasquezlawoffice.com
*Attorney for Evelyn LeSaicherre*

-and-


DAVID BAND & ASSOCIATES

/s/ David Band
David Band (#2718)
422 S. Broad Street
New Orleans, LA 70119
Phone: (504) 822-2263
Fax: (504) 822-2272
Email: AttyBand@gmail.com
*Attorney for Evelyn LeSaicherre*