UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EVELYN LESAICHERRE,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9248** |
| **ZUPPARDO'S ECONOMICAL SUPERMARKETS, LLC ET AL.,**<br>    **Defendants.** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a Motion to Set Aside Default filed by Defendant Robert Canedo.[1] Plaintiff Evelyn LeSaicherre opposes this motion.[2] A clerk's default under Federal Rule of Civil Procedure 55(a) was entered against Defendant on March 15, 2019.[3,4] Defendant has not filed an answer to Plaintiff's complaint.

The Court may set aside an entry of default for "good cause."[5] In assessing "good cause," a district court should consider three non-exclusive factors: (1) whether the failure to answer was willful, (2) whether setting aside the default would prejudice the opposing party, and (3) whether the defaulted party presents a meritorious defense.[6] "All of these factors should be viewed against the background principles that cases should, if possible,

---

[1] R. Doc. 41.
[2] R. Doc. 42.
[3] R. Doc. 31.
[4] This is a default entered by the clerk as provided in Rule 55(a) of the Federal Rules of Civil Procedure. No default judgment has been entered by the Court in this case. To obtain a default judgment by the Court, Plaintiff must follow the procedures set forth in Rule 55(b) of the Federal Rules of Civil Procedure.
[5] Fed. R. Civ. P. 55(c).
[6] *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

1

be resolved on the merits and that defaults are generally disfavored."[7] As such, "the requirement of good cause has generally been interpreted liberally."[8]

On the record before it, the Court cannot conclude that Defendant's default was willful. Although Defendant did not promptly identify counsel after being served with the complaint, once he obtained his current counsel, he soon thereafter filed the motion before the Court.[9] Further, setting aside the default will not prejudice Plaintiff, provided Defendant promptly files an answer. "[M]ere delay does not alone constitute prejudice."[10] "Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."[11] Plaintiff makes no such showing, but, instead, merely alleges prejudice will result because "[d]iscovery has already ensued and a trial date has been set."[12] Defendant alleges that he has a meritorious defense,[13] which he should present in his answer.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Set Aside Default is **GRANTED.** Defendant must file his responsive pleading by no later than **June 26, 2019 at 5:00 p.m.**

**New Orleans, Louisiana, this 19th day of June, 2019.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[7] *Lambert v. Bd. of Comm'rs of the Orleans Levee District*, No. 05–5931, 2006 WL 1581262, at *2 (E.D. La. June 7, 2006) (citing *Lacy*, 227 F.3d at 292 ( "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.')
[8] *Effjohn Int'l Cruise Holdings, Inc. v. Enchanted Isle MV*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991)).
[9] R. Doc. 41-1.
[10] *Lacy*, 227 F.3d 290 at 293.
[11] *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (internal quotations omitted)).
[12] R. Doc. 42.
[13] R. Doc. 41-1.